Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00262-CR

Anthony Obrian **DAVIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 08-0914-CR
Honorable Dwight E. Peschel, Judge Presiding

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed: June 2, 2010

DISMISSED

Anthony O. Davis pleaded guilty to one count of aggravated sexual assault of a child. The trial court imposed sentence in accordance with Davis's plea bargain agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Davis timely filed a notice of appeal. The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See*

Tex. R. App. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2). The clerk's record establishes this is a "plea bargain case" — the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* Tex. R. App. P. 25.2(a)(2). The clerk's record does not include a written motion filed and ruled upon before trial and it reflects the trial court denied permission to appeal. The trial court's certification therefore appears to accurately reflect that this is a plea bargain case and Davis does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

The court gave Davis notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal were made part of the appellate record. No amended certification showing Davis has the right to appeal has been filed. We therefore dismiss this appeal. Tex. R. App. P. 25.2(d).

PER CURIAM

Do not publish